IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SATTAR SABRI KHALAF, | |
| Petitioner, | 4:24CV3053 |
| vs. | |
| IMMIGRATION (ICE), | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on initial review of Petitioner Sattar Sabri Khalaf's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the Petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner filed his habeas petition on March 8, 2024, and challenges his continued detention in the Pottawattamie County Jail in Council Bluffs, Iowa, pursuant to an immigration hold. Petitioner utilized the Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 but did not list himself as the petitioner in the caption, nor did he list a respondent. *See* Filing No. 1 at 1. The Court administratively supplied "Immigration (ICE)" as the respondent based on Petitioner's allegation that he is "currently being held on orders by . . . Immigration (ICE)." *Id*. Petitioner alleges he has been in ICE custody since May 26, 2023, and he seeks release from that custody as he

has been held for over six months and ICE has been unable to obtain a travel document to effectuate Petitioner's removal. *Id*. at 2, 6.

Upon review, the Court finds that Petitioner filed his petition in the wrong court. The Supreme Court has held that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Petitioner is confined at a facility in Council Bluffs, Iowa. Though the Court has administratively supplied "Immigration (ICE)" as a placeholder for the respondent to this action and Petitioner provides an Omaha, Nebraska, address for the "ICE agency," Filing No. 1 at 2, "Immigration (ICE)" is not Petitioner's immediate custodian. As the Supreme Court explained in *Padilla*, "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435; *see also Id*. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). Thus, where "a habeas petitioner is directly challenging the legality of his current custody, and seeking immediate release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined." *Alonso v. Off. of Couns./immigration & Customs Enf't*, No. 13CV02514 MJD/JJK, 2013 WL 5999485, at *2 (D. Minn. Nov. 12, 2013); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952–53 (7th Cir. 2006) (when an ICE detainee files a habeas

corpus petition that directly challenges the legality of his current confinement, his immediate custodian must be the named respondent, and his petition must be filed in the district in which he is confined).

Petitioner is plainly challenging his present confinement in the Pottawattamie County Jail in Council Bluffs, Iowa. Therefore, as *Padilla* dictates, the proper respondent in this action is Petitioner's immediate custodian, i.e. the warden or chief executive official at the Pottawattamie County Jail, which is located in the Southern District of Iowa. Because neither Petitioner nor his immediate custodian is located in the District of Nebraska, this Court cannot exercise jurisdiction in this matter and cannot consider and decide the merits of Petitioner's habeas petition.

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. In this case, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Iowa[1] where Petitioner is confined and his immediate custodian is located.

IT IS THEREFORE ORDERED that:

1. This Court lacks jurisdiction over Petitioner's habeas petition. However, in the interest of justice, the Court will transfer this matter to the United States District Court for the Southern District of Iowa.

---

[1] The U.S. District Court for the Southern District of Iowa is located at 2146 27th Avenue, Council Bluffs, Iowa 51501.

     2.     The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Iowa.

     3.     The Clerk of the Court shall close and terminate this case in the District of Nebraska.

Dated this 23rd day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge